[Civ. No. 2573.   Second Appellate District.—October 14, 1918.]

## T. D. SMITH, Respondent, v. F. L. MOORE MOTOR TRUCK COMPANY (a Corporation), et al., Appellants.

SALE—RESCISSION—CONFLICT OF EVIDENCE—APPEAL.—In this action by the purchaser to rescind a contract for the sale of an automobile truck, in which the trial court found on a conflict of evidence that there had been a rescission by mutual consent, the appellate court had no function by way of review.

ID.—EVIDENCE—ACTS INCONSISTENT WITH TESTIMONY.—Where in such case it was claimed that the acts of the plaintiff and his son were inconsistent with their testimony, the duty of resolving the facts and reconciling the inconsistencies rested with the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Wm. N. Dehy, Judge Presiding.

The facts are stated in the opinion of the court.

Andrews, Toland & Andrews, A. V. Andrews, and W. D. Andrews, for Appellants.

Thomas K. Kase, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of plaintiff.

The action was brought to enforce rescission of a contract for the purchase of an automobile truck.   The making of the contract for the purchase of the truck and the terms thereof were not disputed by any evidence offered on either side.   Plaintiff, together with T. J. Smith, his son, arranged for the purchase of a heavy truck from appellant Moore Motor Truck Company for a price in excess of four thousand dollars.   As part payment on the purchase price, the Smiths

turned in an old truck at the agreed value of one thousand four hundred dollars, paid three hundred dollars in cash and gave notes for the balance of the purchase price. The truck was being manufactured, and when ready was taken out for use upon several consecutive days, after which it was returned to the Moore Company and later sold by it. The old truck received from the Smiths was also sold by the same company. About the facts just recited there was no dispute. The disputed point in the case, as argued on the appeal, is whether there was a mutual rescission or whether the Moore Company, to the obligations of which the Pacific Metal Products Company afterward succeeded, in taking back the truck and reselling the same did so as the agent only of the Smiths. This proposition rests wholly upon the determination of facts other than those hereinbefore related, and about which there was a very clear and unequivocal conflict in the evidence. As to such a case and a proposition so affected, it is hardly necessary to declare that the appellate courts have no function by way of review. The testimony offered by the Smiths was that the truck when sent out of the shop to them was sent out in charge of an operator employed by the manufacturer, the Moore Company, and that during the few days that it was used on work it was handled by the employee of the Moore Company; that defects of several kinds developed and that the machine did not work satisfactory; that upon representation of the conditions to the manager of the company mentioned, he told them that he would take the truck back and return to them their property; that he stated that the truck as contracted for by them had not been injured by use, that it was new and that he could dispose of it, and that there could be no depreciation charge; that later, when they requested that there be restored to them the property and money which they had paid and their promissory notes, the demand was met by a refusal; whereupon this action was brought. It was shown in evidence that after the alleged return of the truck to the manufacturer, one of the Smiths inserted an advertisement in a newspaper, offering the truck for sale over his own name, setting forth as a reason that illness compelled the sale. The insertion of this advertisement was admitted by the Smiths, but the explanation was offered that Mr. Moore requested that that be done to assist in the resale of the truck. We can find no ground to justify

our interference with the judgment. The appellants' argument is that the acts of the Smiths were shown to be wholly inconsistent with their testimony; that their oral testimony, should not, therefore, be believed, but should be counted of no effect. The trial judge had the duty of resolving the facts and reconciling the inconsistencies. His determination was that there had been a mutual rescission, expressing that conclusion in the following language: "That thereafter and on or about the twentieth day of September, 1913, said defendants abandoned, canceled and annulled said written contracts as set forth in the answers of defendants and retained and kept their said Moore motor truck; that on or about the twentieth day of September, 1913, said written contracts above referred to were abandoned by mutual consent by all parties thereto and said contracts came to an end and terminated by the mutual failure to perform of all parties to said contracts." The finding of the ultimate fact that there was a rescission by mutual consent, is sufficient to support the judgment, regardless of any question as to whether the defects alleged to have developed in the machine were substantial or trivial. The manufacturer did take back the truck and resell it; hence the plaintiff relinquished all that he had received or was to receive under his contract and was entitled to enforce the agreement of rescission as against the other contracting party. The observations here made take into view, of course, only the evidence offered by the plaintiff, for upon the issues of fact we have only to determine as to whether there was sufficient proof made to entitle the court to find the facts as it did as to there having been an agreement for rescission.

We find no points urged as to errors committed by the trial court which seem to be deserving of particular consideration or discussion.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.